SIMON STERNFELS, Respondent, *v.* EDWARD CLARK, Appellant.

*Contract — Breach of — damages for — how measured.* .

The defendant, a contractor for the removal of dead animals, agreed with the plaintiff to sell and deliver to him the carcasses of all the animals which he, the defendant, should collect for the period of one year, at certain prices specified in the contract. The plaintiff had a factory, where he manufactured various portions of these carcasses into valuable and marketable commodities. This action was brought for the neglect and refusal of the defendant to deliver the carcasses. *Held*, that it was proper to instruct the jury that they might take into consideration, for the purpose of measuring the damages, the amount of net profits which the evidence showed the plaintiff would have made by his process with his machinery, on the number of animals which the defendant had gathered, and which he had failed to deliver. The general, but not universal, measure of damages for a breach of a contract for the sale of personal property, by the non-delivery of the property, is the cost at which the vendee might have supplied himself with similar articles at the time of the breach; but, if the articles purchased cannot otherwise be procured, and have no market-price, or cannot be supplied without great delay, then, in order to ascertain what amount will constitute a full indemnity to the purchaser, resort must be had to other elements of the contract.
*Griffin* v. *Colver* (16 N. Y., 489) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at Kings County Circuit. The facts are stated in the opinion.

*Dailey & Perry*, for the appellant.

*J. L. Overfield*, for the respondent.

TALCOTT, J. :

The defendant was a contractor for the removal of dead animals from the city of Brooklyn, and contracted with the plaintiff to sell and deliver to the latter, at Barren Island, the carcasses of all the animals which he (the defendant) should collect in the city of Brooklyn for the period of one year, at certain prices in the contract specified, and to be delivered as " rapidly as may be, or the health laws may require."

The plaintiff had a factory and machinery at Barren Island, where, by means of certain processes, he manufactured various portions of these carcasses into valuable and marketable commodities. The action is brought for a breach of the contract in question, in neglecting and refusing to deliver the carcasses. The only exception of any importance, to which our attention is called, is to the charge of the judge, as to the measure of damages, by which he instructed the jury, in substance, that they might take into consideration, for the purpose of measuring the damages, the amount of net profits which the evidence showed the plaintiff would have made by his process with his machinery, or the number of animals which the defendant had gathered, and which, under the contract, he had agreed to deliver, but had refused to do so. We think this charge was correct, and afforded the only mode of ascertaining the damages which is disclosed by the case. It is true that the general, but not universal, measure of damages for a breach of a contract for the sale of personal property, by the non-delivery of the property, is the cost at which the vendee might have supplied himself with similar articles in the market at the time of the breach. But that rule only applies, when the article sold can be procured in the market, and has a market-price. A vendee who is entitled to recover for the non-delivery of articles sold, is entitled to a full and fair indemnity for the loss to which he has been subjected by the breach of contract. Where the article purchased can be procured by the purchaser in the market, the difference between the contract-price and the market-price, is generally assumed to be—is ordinarily in fact—the full indemnity which the law requires. But if the articles purchased cannot otherwise be procured, and have no market-price, or cannot be supplied without great delay, then, in order to ascertain what amount will constitute a full indemnity to the purchaser, resort must be had to other elements of the contract.

In this case, it could not reasonably be claimed that the articles purchased could have been procured by the vendee in the market, or from any other source than that provided by the contract, consequently, an investigation as to the use to which the vendee proposed to put, and was prepared to put, the articles purchased, together with the net results of that use, must be resorted to, in order to ascertain the amount of loss which the breach of the contract would,

naturally, and by reason of the facts supposed to be in contemplation of the parties at the time of the contract, inflict upon the vendee. The rule stated in *Griffin* v. *Colver*,\* as follows : " The general rule is that the party injured by a breach of contract is entitled to recover all his damages, including gains prevented as well as losses sustained provided they are certain, and such as might naturally be expected to follow the breach "—justifies the instruction in this case—and the judgment must be affirmed.

Present—TAPPEN and TALCOTT, JJ.

Judgment affirmed.